Argued March 9, affirmed April 19, 1977

SCOTT, *Appellant,*
*v.*
SOUTHERN PACIFIC TRANSPORTATION
COMPANY, *Respondent.*
(No. 407-324, SC 24451)

562 P2d 963

Ann Morgenstern, Portland, argued the cause for appellant. With her on the briefs were Carlton R. Reiter, and Reiter, Bricker & Zakovics, P.C., Portland.

James H. Clarke, Portland, argued the cause for respondent. With him on the brief were George L. Kirklin, Vawter Parker, and Dezendorf, Spears, Lubersky & Campbell, Portland.

Before Denecke, Chief Justice, and Tongue, Howell, and Lent, Justices.

HOWELL, J.

**HOWELL, J.**

Plaintiff filed an action under the Federal Employers' Liability Act, 45 USC § 51 et seq. (1970), against defendant for personal injuries. A jury returned a verdict for the defendant railroad, and plaintiff appeals from the judgment.

In December, 1973, plaintiff was riding in defendant's work bus when the driver of the bus backed over a bank and into a ditch about 12 feet deep. The bus came to rest on its side in some water. Plaintiff was somewhat shaken up, but there was no immediate evidence of injury. Several hours later he complained of soreness in his neck and was treated at a hospital in Eugene. During the next several months, plaintiff saw a series of doctors, orthopedists, psychologists and psychiatrists, and complained of similar symptoms. Plaintiff's complaint alleges that, as a result of the accident, he suffered a wrenching of the nerves and muscles of his cervical spine, an aggravation of a pre-existing cervical spine injury, as well as "a traumatic mental depression superimposed upon a predisposition to mental depression and, in addition, plaintiff sustained permanent aggravation of incipient mental depression." Defendant's answer admitted the bus driver was negligent and requested that "plaintiff be awarded reasonable compensation for the injury, if any * * * and in the event plaintiff did not sustain injury," that judgment be entered for defendant.

At trial, the plaintiff requested the court to instruct the jury that, as a matter of law, plaintiff received some injuries from the accident. The court refused to do so and submitted to the jury the issue of whether plaintiff sustained any compensable injuries as a result of the accident. The jury returned a verdict for defendant. The only issue on appeal is whether there was any basis for the jury's determination that plaintiff did not sustain any compensable injury as a result of the accident. We conclude that there was and that

[ 49 ]

the issue was therefore properly submitted to the jury, and we affirm.[1]

A similar situation was before this court in *Chopp v. Miller,* 264 Or 138, 504 P2d 106 (1972). Liability was admitted, but the evidence relating to plaintiff's damages was disputed. Plaintiff claimed a cervical strain and contended that she was entitled to general damages as a matter of law. We held that a jury could disbelieve both the plaintiff and plaintiff's doctor whose testimony was based largely on plaintiff's subjective complaints. We also noted that two important factors in determining whether a jury may properly choose to disbelieve a witness are:

> "(1) the availability of evidence to contradict the witness's testimony, and (2) the likelihood that the witness's interest in the outcome of the case may cause him to testify falsely or to exaggerate." 264 Or at 142-43, *citing Rickard v. Ellis,* 230 Or 46, 368 P2d 396 (1962).

A similar problem has come before this court in several cases in which the jury has awarded special damages without awarding any general damages. In *Eisele v. Rood,* 275 Or 461, 551 P2d 441 (1976), we analyzed the previous cases and said:

> "When the above cases are considered together, it can be seen that they stand for the following propositions: As a general rule, a verdict for special damages without an allowance for general damages is improper. However, when the issue of general damages is controverted in the pleadings and the evidence on that point is in conflict, the jury may conclude that plaintiff did not actually suffer any general damages but did reasonably incur special damages for medical expenses and/or loss of wages. *In cases in which plaintiff's evidence of injury is merely subjective in nature, the jury may choose to*

---

[1] Since this is an FELA action, federal law is controlling on the issue of whether there was sufficient evidence to raise a jury question as to the nonexistence of any compensable injury. However, plaintiff has not cited any cases which indicate that the federal standard is any different from our own standard on this issue, and we have discovered none ourselves. *See generally,* 9 Wright & Miller, Federal Practice and Procedure, § 2526 (1971); Annot., Supreme Court Review of Sufficiency of Evidence in Actions under Federal Employers' Liability Act, 4 LEd 2d 1787 (1959).

*disbelieve plaintiff's testimony as well as any medical testimony which is based on plaintiff's subjective complaints and for which there is no independent, objective evidence.* Similarly, if there is objective evidence of a substantial injury, but defendant's evidence indicates that this injury was not caused by the accident for which he is responsible, the jury can again find that plaintiff has not proved general damages. * * *" 275 Or at 467. (Emphasis added, footnote omitted.)

■ In the case at bar, whether plaintiff suffered any injuries and, if so, whether they were a result of the 1973 accident was seriously disputed. There was evidence that plaintiff had a previous history of frequent and excessive job absences which had led to his being temporarily discharged. He had also sustained a previous neck fracture in an automobile accident in 1964, causing a loss of one month's work. Three years later he was having neck pains, and it was discovered that the 1964 fracture had never healed. He was placed in a hard collar and was off work for about five weeks. Defendant also produced a considerable amount of evidence which seriously questioned plaintiff's credibility.

It is not necessary for us to delineate all of the medical testimony. Although plaintiff produced expert testimony which tended to show that he had sustained some injury, that testimony was largely based on plaintiff's own subjective complaints. Moreover, that testimony was often contradicted by that of defendant's experts, and there was also evidence that any discomfort suffered by plaintiff was related to his 1964 neck fracture. Apparently, plaintiff never told several of his own examining physicians that he had any previous neck problems.

In summary, there was sufficient evidence that plaintiff suffered no injury as a result of the accident, and that any discomfort he suffered was not the result of the accident. Therefore, we believe that the trial

[ 51 ]

court properly submitted the issue of injury and causation to the jury for its determination.

Affirmed.